IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY E. BROWN                          *
        Petitioner,
    v.                                    * CIVIL ACTION NO. RWT-06-1092

WARDEN                                    *
        Respondent.
                               ***

**MEMORANDUM OPINION**

      Petitioner, a detainee at the Baltimore City Detention Center, filed a letter petition on May 1, 2006, complaining that he has been held on criminal charges since October of 2005, even though a "number of people have stepped forward and told police" that he had nothing to do with the charged crime(s). (Paper No. 1). He seemingly claims that while his co-defendant was released and he has no "other charges....all of a sudden a probation violation pops up when they can't find anything to hold me on." (Id.). Inasmuch as Petitioner is attacking pending criminal and or probation violation charges and is seeking to compel the adjudication of his State charges and his release from confinement, his petition shall be treated as hybrid 28 U.S.C. § 2241 habeas and 28 U.S.C. § 1361 mandamus petitions.

      A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted. See Huffman v. Pursue, Ltd., 420 U.S. 592, 609-610 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. See Braden v. 30th Judicial Circuit, 410 U.S. 484, 489 (1973); Dolack v. Allenbrand, 548 F.2d 891, 893 (10th Cir. 1977). Such extraordinary circumstances include: bad faith prosecution; prosecution under patently

unconstitutional statutes; or prosecution before a biased state tribunal.  See Younger v. Harris, 401 U.S. 37 (1971); Moore v. Sims, 442 U.S. 415 (1979).

Petitioner has not exhausted his state court remedies.  Further, to the extent that he has raised viable claims under the United States Constitution, Petitioner's allegations do not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition.  See, e.g., Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir. 1987).  The merits of the habeas petition shall not be considered by this Court.

Moreover, this Court does not have jurisdiction over State employees in an action for writ of mandamus.  See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); see also 28 U.S.C. § 1361.  A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted.  In re Beard, 811 F.2d 818, 826 (4th Cir.1987).  The mandamus relief sought in the instant case, to require Petitioner's release from state confinement, is not the only means by which Petitioner may obtain disposition of his charges and release from State confinement.

Accordingly, a separate Order shall be entered dismissing this action without prejudice.


Date: 5/22/06                                          /s/
                                           ROGER W. TITUS
                                           UNITED STATES DISTRICT JUDGE